IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Frederick W. Covell,<br><br>　　　　Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>　　　　Respondents. | No. CV-11-992- PHX-DGC (BSB)<br><br>**REPORT AND RECOMMENDATION** |

Petitioner Frederick W. Covell (Petitioner) has filed a Second Amended Petition for Writ of Habeas Corpus asserting twenty-seven grounds for relief.[1] (Doc. 36.) Respondents have filed a Limited Answer asserting that Petitioner's claims are procedurally defaulted and barred from federal habeas corpus review. (Doc. 46.) Petitioner has filed a reply opposing Respondents' assertions and arguing "cause" to excuse his procedural default. (Doc. 49.) As set forth below, Petitioner has not established a basis to overcome the procedural bar to his claims. Therefore, the Petition should be denied.

---

[1] On May 19, 2011, Petitioner filed a timely Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) Pursuant to the Court's orders, Petitioner amended his petition several times and his Second Amended Petition is currently before the Court. (Doc. 36.) Respondents state that the Second Amended Petition appears timely under 28 U.S.C. § 2254(d) and they do not raise a statute of limitations defense. (Doc. 46 at 6.) The Court agrees that the Petition is timely and need not address this issue further.

**I. Factual and Procedural Background**

On October 19, 2007, Petitioner was indicted in the Superior Court of Arizona, Maricopa County, case number CR2007-166226. The indictment alleged aggravated taking of the identity of another, a class 3 felony (Count 1), knowing possession of a handgun and a shotgun while being a prohibited possessor, class 4 felonies (Counts 2 and 3), and possession of a pipe bomb, a prohibited weapon, also a class 4 felony (Count 4). (Respondents' Exh. A.[2]) On the State's motion, the court dismissed Count 1, taking the identity of another. (Respondents' Exh. B, doc. 46-1 at 5-7.)  At trial, the remaining charges were identified as Counts 1, 2, and 3. (Respondents' Exh. C, doc. 46-1 at 12.) On November 10, 2008, a jury convicted Petitioner on Count 1 - misconduct with weapons, .22 caliber semi-automatic handgun, Count 2 - misconduct with weapons, 12-gauge shotgun, and Count 3 - misconduct with weapons, pipe bomb. (Respondents' Exh. D, doc. 46-1 at 15-17.)

On March 27, 2009, the court sentenced Petitioner to concurrent sentences of 4.5 years' imprisonment on each count. (Respondents' Exh. F, doc. 46-1 at 22-25.) The court also revoked Petitioner's probation in another matter, CR2003-019318, and sentenced him to three concurrent revocation sentences, the longest of which was 3.5 years' imprisonment. (Respondents' Exh. G, doc. 46-1 at 27-30.) The court ordered the sentences in CR2007-166226 and CR2003-019318 to run concurrently. (*Id.*; Exh. F, doc. 46-1 at 22-25.)

**A. Direct Appeal**

Petitioner filed a consolidated appeal challenging his convictions and sentences in CR2007-166226, and his probation violation and sentences in CR2003-019318. (Respondents' Exh. H, doc. 46-1 at 32.) Petitioner argued that there was insufficient evidence to support his convictions for prohibited possession of a handgun and a shotgun. Although there were some indications in the record that Petitioner had agreed to stipulate to being a prohibited possessor,

---

[2] Citations to "Respondents' Exh." refer to exhibits A-O attached to Respondent's Limited Answer to Petition for Writ of Habeas Corpus, located at docket 46-1.

- 2 -

the record did not reflect that a stipulation was submitted to the jury and no other evidence was presented supporting those convictions. (*Id.* at 50-55.) Petitioner did not raise any other issues on direct appeal.

On August 24, 2010, the appellate court reversed Petitioner's convictions and sentences on Counts 2 and 3, possession of a handgun and a shotgun, finding that "no evidence supports the jury's finding that [Petitioner] was a prohibited possessor." (Respondents' Exh. I, doc. 46-1 at 60-61.) The appellate court clarified that its ruling did not affect the conviction and sentence for Count 3, possession of a pipe bomb. (*Id.*) Petitioner did not seek further review.

### B. Post-Conviction Review

On March 10, 2010, Petitioner filed a notice of post-conviction relief in the trial court pursuant to Rule 32 of the Arizona Rules of Criminal Procedure. (Respondents' Exh. K.) On August 27, 2010, the court dismissed the notice as premature because Petitioner's direct appeal was pending. (Respondents' Exh. L.)

On September 30, 2010, Petitioner filed a second notice of post-conviction relief. (Respondents' Exh. M.) The court directed Petitioner to file a petition for post-conviction review by February 4, 2011. (Respondents' Exh. N.) On August 12, 2011, the court dismissed the post-conviction proceeding based on Petitioner's failure to file a petition. (Respondents' Exh. O.) Petitioner did not seek review in the Arizona Court of Appeals.

### C. Federal Petition for Writ of Habeas Corpus

In his pending Second Amended Petition, Petitioner raises the following twenty-seven grounds for relief:

(1) ineffective assistance of appellate counsel;

(2) "4th Amendment violation - lack of probable cause to accost defendant";

(3) "5th and 4th amend (sic) violation illegal search + seizure -5th amend (sic) due process violation - using fruit of illegal search + seizure obtained in violation of 4th amend (sic)";

(4) "5th, 6th, 14th amend (sic) violations, prosecutorial misconduct, Double Jeopardy, perjured testimony [presented to the grand jury]";

(5) a detective presented perjured testimony in a search warrant affidavit, "with prosecution being well aware," and Petitioner was denied a fair and impartial judge;

(6) "2 counts of abuse of discretion as court denied motion as untimely filed, when on the merits of that motion would end prosecution, so as to proceed to trial in which a conviction would be defeasible";

(7) "abuse of process, abuse of discretion, denied fair + impartial judge, denied equal protection of laws";

(8) "6th amend (sic) right to expert witnesses";

(9) "court refused to hold non-witness violation hearing on at least 5 sep[a]rate occas[]ions . . . . Abuse of process/negligence in holding violation hearing–being also contrary to *Brewer v. Morrissy/Gagnon v. Scarpelli*";

(10) "speedy trial violations, abuse of discretion, abuse of process, 6 + 14th amend (sic) violations";

(11) "*Brady* violation, 4th, 6th, 14th amendment rights to discovery as court/state refused to comply with motion to compel bench warrant";

(12) "denied 6th + 14th amend (sic) rights to compel the attendance of witnesses for trial as [the Maricopa County Sheriff's Office (MCSO)] refused to serve subpoenas";

(13) "6th + 14th amend (sic) right to interview state['s] witness before trial";

(14) "6th + 14th amend (sic) right to speedy trial";

(15) "6th + 14th amend (sic) right to self representation + due process as court has refused to rule on 5 motions";

(16) "court did not have jurisdiction to sentence Petitioner";

(17) "conspiracy to deny petitioner 6th + 14th amend (sic) right to have compulsory process to compel attendance of witnesses at trial, as sentencing is part of trial[,] *Brady* violation";

(18) "due process + 8th Amend (sic) violation as petitioner was denied any + all sleep during trial[.] Denial of right to self representation";

(19) "denial of access to courts 6th + 14th amend (sic) abuse of discretion in denying motion as filed untimely[.] Conspiracy to deny petitioner his right to self Representation[,] denial of right to fair + impartial judge";

(20) "court/MCSO placed 3 uniformed deputies standing within arms reach of petitioner at trial to lead jurors to infer that Petitioner was dangerous";

(21) "Denied change of venue, equal protection of laws and due process due to Court[']s bias + prejudice and deviant + fraudulent ways in Maricopa County courtrooms, prosecutors, judges, attorn[ey]s + jails";

- 4 -

    (22)    "statutory elements not proved at trial";

    (23)    "ineffective assistance of counsel . . . conspiracy to deny petitioner bail";

    (24)    "denial of right to appeal, denial of right to motion [to] reconsider, and denial of right to file petition for review by appeals court and court appointed appe[llate] counsel";

    (25)    "fraud + deceit - Judge . . . ruled on a motion that did not and does not exist. [D]enial of fair + impartial judge";

    (26)    "fraud, perjury + deceit - Judge Hoffman - knew [Petitioner's] no-bond status is fraudulent but covers it up"; and

    (27)    "conspiracy to deny petitioner his right to self representation 6th, 14th amend" by judge, county attorney, advisory counsel, and appellate counsel. "Selective hybrid counsel when it is conv[eni]ent to court[']s/state[']s interest."

(Docs. 36, 37 at 2-3.)

**II. Mootness of Certain Claims**

As an initial matter, to the extent that Ground 22 challenges the sufficiency of the evidence to support Petitioner's convictions for prohibited possession of a handgun and a shotgun (Doc. 36 at 27), that claim is moot because, as previously noted, the appellate court reversed those convictions on direct review. *See Iron Arrow Honor Society v. Heckler*, 464 U.S. 67, 70–71 (1983) (stating that federal courts lack jurisdiction to decide cases that are moot because the court's constitutional authority extends to only actual cases or controversies); *Burnett v. Lampert*, 432 F.3d 996, 1000–01 (9th Cir. 2005) (noting that a petition for writ of habeas corpus is moot where a petitioner's claim for relief cannot be redressed by a favorable decision of the court issuing a writ of habeas corpus). The Court, therefore, will not address the portion of Ground 22 that refers to those convictions.

**III. Exhaustion and Procedural Bar**

The parties dispute whether Petitioner's claims asserted in Grounds 1-21 and 23-27, and the portion of Ground 22 that pertains to Petitioner's conviction and sentence for possession of a pipe bomb, are procedurally defaulted and barred from federal habeas corpus review. For the reasons set forth below, the Court finds Petitioner's claims procedurally barred.

/ / /

- 5 -

**A. Exhaustion**

Ordinarily, a federal court may not grant a petition for writ of habeas corpus unless the petitioner has exhausted available state remedies. 28 U.S.C. § 2254(b). To exhaust state remedies, a petitioner must afford the state courts the opportunity to rule upon the merits of his federal claims by "fairly presenting" them to the state's "highest" court in a procedurally appropriate manner. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (stating that "[t]o provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court . . . thereby alerting the court to the federal nature of the claim."); *Castille v. Peoples*, 489 U.S. 346, 349 (1989) (same). In Arizona, unless a prisoner has been sentenced to death, the "highest court" requirement is satisfied if the petitioner has presented his federal claim to the Arizona Court of Appeals either through the direct appeal process or post-conviction proceedings. *Crowell v. Knowles,* 483 F. Supp. 2d 925, 931-33 (D. Ariz. 2007) (discussing *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999)).

A claim has been fairly presented if the petitioner has described both the operative facts and the federal legal theory on which his claim is based. *Baldwin*, 541 U.S. at 33. A "state prisoner does not 'fairly present' a claim to a state court if that court must read beyond a petition or brief . . . that does not alert it to the presence of a federal claim in order to find material, such as a lower court opinion in the case, that does so." *Id*. at 31-32. In summary, "a petitioner fairly and fully presents a claim to the state court for purposes of satisfying the exhaustion requirement if he presents the claim: (1) to the proper forum, . . . (2) through the proper vehicle, . . . and (3) by providing the proper factual and legal basis for the claim . . . . " *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005) (internal citations omitted).

**B. Procedural Default**

A habeas petitioner's claims will not be deemed exhausted and may be precluded from federal review in two ways. First, a claim may be procedurally defaulted when a petitioner raises a claim in state court, but the state court finds the claim defaulted on procedural grounds. *See Beard v. Kindler*, 558 U.S. 53, 130 S.Ct. 612, 614-19 (2009). In such cases, federal habeas

- 6 -

corpus review is precluded if the state court opinion relies on a procedural ground "that is both 'independent' of the merits of the federal claim and an 'adequate' basis for the court's decision." *Harris v. Reed*, 489 U.S. 255, 260 (1989). A state procedural default ruling is "independent" unless the application of the bar depends on an antecedent ruling on the merits of the federal claim. *See Stewart v. Smith*, 536 U.S. 856, 860 (2002); *Ake v. Oklahoma*, 470 U.S. 68, 74-75 (1985). A state court's application of the bar is "adequate" if it is "clear, consistently applied, and well-established at the time of the petitioner's purported default." *See Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994). If the state court occasionally excuses non-compliance with a procedural rule, that does not render its procedural bar inadequate. *See Dugger v. Adams*, 489 U.S. 401, 410-12 n.6 (1989).

Arizona courts have consistently applied Arizona's procedural default rules to bar further review of claims that were not raised in Rule 32 post conviction proceedings. *See Stewart v. Smith*, 536 U.S. 856, 860 (2002) (holding that Ariz. R. Crim. P. 32.2(a) is an adequate and independent procedural bar); *Cook v. Schriro*, 538 F.3d 1000, 1026 (9th Cir. 2008) (stating that "[p]reclusion of issues for failure to present them at an earlier proceeding under Ariz. R. Crim. P. 32.2(a)(3) 'are independent of federal law because they do not depend upon a federal constitutional ruling on the merits.'") (citations omitted); *Ortiz v. Stewart*, 149 F.3d 923, 931-32 (9th Cir. 1998) (rejecting argument that Arizona courts have not "strictly or regularly" followed Rule 32).

Second, a claim may be procedurally defaulted when a petitioner failed to present his federal claims to the state court, but returning to state court would be "futile" because the state courts' procedural rules, such as waiver or preclusion, would bar consideration of the previously unraised claims. *See Teague v. Lane*, 489 U.S. 288, 297-99 (1989); *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002); *State v. Mata*, 916 P.2d 1035, 1048-53 (1996); Ariz. R. Crim. P. 32.2(a) and (b); Ariz. R. Crim. P. 32.1(a)(3) (post-conviction review is precluded for claims waived at trial, on appeal, or in any previous collateral proceeding); 32.4(a); Ariz. R. Crim. P. 32.9 (stating that petition for review must be filed within thirty days of trial court's decision).

A state post-conviction action is futile when it is time-barred. *Beaty*, 303 F.3d at 987; *Moreno v. Gonzalez*, 116 F.3d 409, 410 (9th Cir. 1997) (recognizing untimeliness under Ariz. R. Crim. P. 32.4(a) as a basis for dismissal of an Arizona petition for post-conviction relief, distinct from preclusion under Rule 32.2(a)). This type of procedural default is known as "technical" exhaustion because although the claim was not actually exhausted in state court, the petitioner no longer has an available state remedy. *Coleman v. Thompson*, 501 U.S. 722, 732 (1991) ("A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no remedies any longer 'available' to him.").

In either case of procedural default, federal review of the claim is barred absent a showing of "cause and prejudice" or a "fundamental miscarriage of justice." *Dretke v. Haley*, 541 U.S. 386, 393-94 (2004); *Schlup v. Delo*, 513 U.S. 298, 314-15 (1995).

**C. Petitioner's Failure to Exhaust**

The only claim Petitioner presented to the Arizona Court of Appeals on direct review was a sufficiency-of-the-evidence challenge to his convictions for prohibited possession of a handgun and a shotgun. (Respondents' Exh. H, doc. 46-1 at 34-55.) The appellate court found that, "no evidence supports the jury's finding that [Petitioner] was a prohibited possessor," and reversed his convictions and sentences for the two counts of misconduct involving weapons. (Respondents' Exh. I, doc. 46-1 at 61.) Petitioner did not present any other claim on direct appeal. Although Petitioner initiated post-conviction proceedings, he never filed a petition. Thus, he never presented any claim on post-conviction review to the trial court or to the appellate court. (Respondents' Exhs. M-O.)

In his reply, Petitioner argues that he has satisfied the exhaustion requirement and correctly asserts that, in a non-capital case in Arizona, exhaustion does not require presentation of a claim to the Arizona Supreme Court. (Doc. 49 at 1); *see Swoopes*, 196 F.3d at 1010. Petitioner contends that he presented his claims to the Arizona Court of Appeals on direct review, however, the record does not support this claim. Petitioner further argues that he properly exhausted his claims by presenting them to the Arizona Court of Appeals in two

special action petitions. (Doc. 49 at 2; Doc. 36 at 12-13.) The Arizona Court of Appeals "denied jurisdiction" on both special actions. (Doc. 36 at 12-13.)

A claim is not fairly presented if it is "presented for the first and only time in a procedural context in which its merits will not be considered" absent special circumstances. *Castille*, 489 U.S. at 351. In Arizona, a special action takes the place of "writs of certiorari, mandamus, or prohibition in the trial or appellate court." 17B A.R.S. Special Actions, Rules of Proc., Rule 1. Whether to accept jurisdiction of a petition for special action is discretionary and "appropriate when there is no equally plain, speedy, or adequate remedy by appeal . . . , or when the case presents a narrow question of law of statewide importance." *State ex rel. Romley v. Superior Court*, 7 P.3d 970, 972-73 (Ariz. App. 2000) (citations omitted). Special actions "fall outside of the normal review process and may not be used for federal habeas exhaustion purposes." *Kajander v. Schroeder*, 2009 WL 775395, at *2 (D. Ariz. Mar. 20, 2009) (citation omitted). Because review of a special action is discretionary, Petitioner's special actions did not satisfy the exhaustion requirement. *See Baldwin*, 541 U.S. at 29.

In short, Petitioner did not fairly present his claims raised in Grounds 1-21, 23-27, and the portion of Ground 22 that pertains to Petitioner's conviction and sentence for possession of a pipe bomb to the Arizona Court of Appeals either on direct or collateral review. Because Petitioner did not fairly present his claims to the appellate court, they are procedurally defaulted and technically exhausted because he cannot now return to state court to present those claims. *See* Ariz. R. Crim. P. 32.2, 32.4(a), 32.9(c) and 31.19(a); *Coleman*, 501 U.S. at 732 ("A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no remedies any longer 'available' to him."), Thus, federal review of Petitioner's defaulted claims is barred unless he can show "cause and prejudice" or a "fundamental miscarriage of justice." *See Coleman*, 501 U.S. at 749-50; *Teague v. Lane*, 489 U.S. 288, 297-98 (1989).

- 9 -

## IV. Overcoming Procedural Bar

### A. Cause and Prejudice

To establish "cause," a petitioner must establish that some objective factor external to the defense impeded his efforts to comply with the state's procedural rules. *Teague*, 489 U.S. at 298. A showing of "interference by officials," constitutionally ineffective assistance of counsel, or "that the factual or legal basis for a claim was not reasonably available" may constitute cause. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). "Prejudice" is actual harm resulting from the constitutional violation or error. *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984). To establish prejudice, a habeas petitioner bears the burden of demonstrating that the alleged constitutional violation "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original); *Thomas v. Lewis*, 945 F.2d 1119, 1123 (9th Cir. 1991). If petitioner fails to establish cause for his procedural default, then the court need not consider whether petitioner has shown actual prejudice resulting from the alleged constitutional violations. *Smith v. Murray*, 477 U.S. 527, 533 (1986).

To establish "cause," Petitioner asserts that appellate counsel was ineffective for failing to raise several claims on appeal. (Doc. 49 at 4.) "[I]n certain circumstances counsel's ineffectiveness in failing properly to preserve the claim for review in state court will [constitute cause]." *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000) (citing *Murray*, 477 U.S. at 488–489). However, only attorney error that gives rise to an independent violation of a defendant's constitutional right to the assistance of counsel may constitute cause. *Coleman*, 501 U.S. at 753. Additionally, a claim of ineffective assistance of counsel asserted to excuse the procedural default of another claim must have, itself, been properly exhausted. *Edwards*, 529 U.S. at 453-54. Here, Petitioner did not properly present a claim of ineffective assistance of appellate counsel to the Arizona Court of Appeals. Thus, his claim of ineffective assistance is, itself, procedurally defaulted and insufficient to establish cause. *See id.*

Petitioner further argues "cause" based on the "Maricopa County Courts refus[al] to rule on motions by petitioner," including motions to suppress evidence, a motion for a mistrial, and a "motion to compel bench warrant." (Doc. 49 at 4.) Petitioner, however, does not explain how the trial court's alleged failure to rule on these motions impeded his ability to present his post-conviction claims to the state courts. Thus, these arguments are also insufficient to establish cause.

Finally, Petitioner attempts to establish "cause" by arguing that in March and May 2010, when his first post-conviction proceeding was pending, he was denied transcripts from the post-conviction court and appellate counsel.[3] (Doc. 49, Exh. 2.) He also argues that the post-conviction court failed to rule on his May 11, 2010, and August 12, 2010 motions for transcripts and his "motion to continue" the post-conviction proceedings until the State provided him with transcripts.[4] (*Id.* at 4, 8-9.) Petitioner, however, does not explain how the absence of transcripts prevented him presenting his claims to the state courts. Furthermore, after his first post-conviction proceeding was dismissed as premature, Petitioner did not raise the issue of transcripts in his second post-conviction proceeding and he did not appeal the dismissal of that proceeding.[5]

---

[3] On August 27, 2012, Petitioner's first post-conviction proceeding was dismissed without prejudice as premature because Petitioner's direct appeal was still pending. (Respondents' Exhs. K, L.)

[4] Petitioner also asserts that in November 2004 and early 2005, the trial court denied his requests for transcripts on post-conviction review in CR2003-019318. (Doc. 49 at 8.) Petitioner, however, does not explain how transcripts from that earlier proceeding are relevant to challenges to his conviction and sentences in CR2007-16626, which are raised in the pending Second Amended Petition.

[5] Petitioner commenced a second post-conviction proceeding on September 30, 2010. (Respondents' Exh. M.) The court directed Petitioner to file a petition for post-conviction review no later than February 4, 2011. (*Id.*) On August 12, 2011, the court dismissed the Rule 32 proceeding based on Petitioner's failure to file a petition. (Respondents' Exh. O) Petitioner did not seek review in the Arizona Court of Appeals.

Although Petitioner contends that filing a petition for post-conviction relief was futile because he did not have certain transcripts, he does not explain why the lack of transcripts prevented him from filing a petition for post-conviction relief. *See United States v. Lewis*, 605 F.2d 379 (8th Cir. 1979) (holding that prisoner does not have an absolute right to transcripts to collaterally attack his sentence); *see also Rodriguez v. Gonzalez*, 2009 WL 2914151, at *1 (E.D. Cal. Sept. 9, 2009) (stating that "there is no entitlement to a free copy of the transcript when seeking collateral review.").

Petitioner's reply states that he has still not received the transcripts that he requested. (Doc. 49 at 9.) Yet, even without those transcripts, Petitioner filed a petition for writ of habeas corpus in this Court raising multiple claims and attached numerous exhibits to his petition including, materials from his underlying criminal proceedings and direct appeal. (Docs. 2-23.) Petitioner does not explain why the lack of transcripts prevented him from presenting his claims to the state court, but did not prevent him from filing a petition for writ of habeas corpus in this Court.

Petitioner has not presented any basis sufficient to overcome the procedural bar. Because Petitioner offers no legitimate "cause" which precluded him from properly exhausting his state remedies, the Court need not reach the prejudice issue. *See Engle v. Isaac*, 456 U.S. 107, 134 n. 43 (1982); *Smith v. Murray*, 477 U.S. 527, 533 (1986) (stating that where petitioner fails to establish cause for his procedural default, the court need not consider whether he has shown actual prejudice resulting from the alleged constitutional violations).

**B. Fundamental Miscarriage of Justice**

Finally, Petitioner has not shown that failure to consider his defaulted claims will result in a "fundamental miscarriage of justice." A federal court may review the merits of a procedurally defaulted habeas claim if the petitioner demonstrates that failure to consider the merits of his claim will result in a "fundamental miscarriage of justice." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). A "fundamental miscarriage of justice" occurs when "'a constitutional violation has probably resulted in the conviction of one who is actually

- 12 -

innocent.'" *Id.* (citing *Murray v. Carrier*, 477 U.S. 478, 496 (1986)). This gateway "actual innocence" claim is less stringent standard than a substantive claim of actual innocence. *Schlup*, 513 U.S. at 315-16; *see also Carriger v. Stewart*, 132 F.3d 463, 476 (9th Cir. 1997) (suggesting that a "habeas petitioner asserting a freestanding innocence claim must go beyond demonstrating doubt about his guilt and must affirmatively prove that he is innocent.").

The fundamental miscarriage of justice exception, however, applies only to a "narrow class of cases" in which a petitioner makes the extraordinary showing that an innocent person was probably convicted due to a constitutional violation. *Schlup*, 513 U.S. at 327. "To establish the requisite probability," the petitioner must prove with new reliable evidence that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* New evidence presented in support of a fundamental-miscarriage-of-justice claim may include "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence that was not presented at trial." *Id.* at 324. *See also, House v. Bell*, 547 U.S. 518, 538 (2006) (stating that a fundamental miscarriage of justice contention must involve "evidence the trial jury did not have before it."). Petitioner has not established that, in light of newly discovered evidence, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Schlup*, 513 U.S. at 324, 327.

Because Petitioner has failed to establish a basis for overcoming the procedural bar to federal habeas corpus review of his claims, the Court will not consider the Respondents' alternative arguments,[6] or the merits of Petitioner's defaulted claims.

---

[6] In addition to arguing that Petitioner's claims are procedurally defaulted, Respondents argue that Grounds 6, 9, 13, 16, 19, and 24 are not cognizable on habeas corpus review because they do not assert federal constitutional claims. (Doc. 46 at 12.) Respondents further argue that Petitioner's Fourth Amendment claims asserted in Grounds 2, 3, 5, and 11 are not cognizable. Finally, Respondents assert that Grounds 21 and 25 are too vague to warrant habeas corpus review. (Doc. 46 at 13.)

## V. Summary

Petitioner is not entitled to habeas corpus relief because his claims raised in Grounds 1-22, 23-27, and the portion of Ground 22 that challenges his conviction and sentence for possession of a pipe bomb, are defaulted and procedurally barred. Petitioner's challenge to his convictions for prohibited possession of a handgun and a shotgun is moot because the Arizona Court of Appeals reversed those convictions on direct review.

Accordingly,

**IT IS RECOMMENDED** that Petitioner's Second Amended Petition for Writ of Habeas Corpus (Doc. 36) be **DENIED.**

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the procedural ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1), should not be filed until entry of the District Court's judgment. The parties have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure to file timely objections to the Magistrate Judge's Report and Recommendation may result in the District Court's acceptance of the Report and Recommendation without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

/ / /

/ / /

/ / /

/ / /

/ / /

Failure to file timely objections to any factual determination of the Magistrate Judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

DATED this 15th day of October, 2012.

_____
Bridget S. Bade
United States Magistrate Judge