**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Frederick W. Covell,<br><br>Petitioner,<br><br>v.<br><br>Charles Ryan, et al.,<br><br>Respondents. | No.   CV11-0992 PHX DGC<br><br><br>**ORDER** |

Pending before the Court are the Second Amended Petition for Writ of Habeas Corpus filed by *pro se* Petitioner Frederick W. Covell (Doc. 36), and United States Magistrate Judge Bridget S. Bade's Report and Recommendation ("R & R") (Doc. 51). The R & R recommends that the Court deny the petition.  Doc. 51.  Petitioner filed a written objection to the R & R on November 1, 2012.  Doc. 52.  The objection requests additional time to submit a detailed objection and requests the appointment of counsel. *Id.* at 3.  For the reasons set forth below, Petitioner's request for additional time is granted and his request for the appointment of counsel is denied.

**I.   Request for Additional Time.**

Petitioner asserts that the R & R did not reach his mailbox until October 26, 2012, 11 days after it was filed on October 15, 2012, and that this delivery delay cut into his 14 day period to file an objection so that he "did not have time to properly file his objection." Doc. 52 at 2.  The Court agrees that Petitioner did not have sufficient time to

prepare his objection and will grant Petitioner's request.[1] Petitioner must file his objection on or before January 18, 2013.

**II.     Request for Appointment of Counsel.**

The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners. *McClesky v. Zant*, 499 U.S. 467, 495 (1991); *Chaney v. Lewis*, 801 F.2d 1191, 1192 (9th Cir. 1986); *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). Financially eligible habeas petitioners seeking relief pursuant to 28 U.S.C. § 2254 may obtain representation whenever the court "determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B); *Terrovona v. Kincheloe*, 912 F.2d 1176, 1181 (9th Cir. 1990). The appointment of counsel is discretionary when no evidentiary hearing is necessary. *Terrovona*, 912 F.2d at 1177 (citation omitted). "In deciding whether to appoint counsel in a habeas proceeding, the district court must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look,* 718 F.2d 952, 954 (9th Cir. 1983).

Petitioner argues that he is entitled to appointed counsel because he is limited in his abilities and the petition raises "complex issues beyond [his] comprehension, and ability to respond and reply." Doc. 52 at 3. In support of his request, Petitioner submitted a letter from a licensed master social worker ("LMSW") indicating that "[Petitioner's] current medical conditions would stop any attempts at gainful employment," and that "[his] physicians cite him as being permanently and totally disabled." Ex. C, Doc. 52-1 at 11.

The Court denied Petitioner's previous motion for appointment of counsel in a June 2, 2011, Order (Doc. 28) and again finds that the interests of justice do not require

---

[1] The Court apprises Petitioner of the prisoner "mailbox rule," which provides that "a legal document is deemed filed on the date a petitioner delivers it to the prison authorities for filing by mail." *Villajin v. Mukasey*, No. CV-08-0839-PHX-DGC (ECV), 2009 WL 145921, at *2 (D. Ariz. May 26, 2009) (quoting *Lott v. Mueller*, 304 F.3d 918, 921 (9th Cir. 2002)).

the appointment of counsel. Plaintiff has not demonstrated that he is more likely to succeed on the merits of his claims than any other habeas petitioner before the Court. Additionally, Petitioner's court filings demonstrate that he has an adequate understanding of the issues and the ability to coherently present his arguments.

**IT IS ORDERED:**

1. Petitioner's request for additional time to file an objection is **granted**.
2. Petitioner shall file his objection on or before **January 18, 2013**.
3. Petitioner's request for appointment of counsel is **denied**.

Dated this 21st day of December, 2012.

_____
David G. Campbell
United States District Judge