1    **WO**

2

3

4

5

6                IN THE UNITED STATES DISTRICT COURT

7                    FOR THE DISTRICT OF ARIZONA

8

9    Frederick W. Covell,                    No.   CV11-992 PHX DGC

10                     Petitioner,

11   v.                                       **ORDER**

12   Charles Ryan, et al.,

13                     Respondents.

14            Pending before the Court are the second amended petition for writ of habeas

15   corpus filed by *pro se* Petitioner Frederick W. Covell (Doc. 36) and the Report and

16   Recommendation ("R&R") issued by United States Magistrate Judge Bridget S. Bade

17   (Doc. 51).  The R&R recommends that the petition be denied because it is procedurally

18   barred.  Doc. 51 at 14.  Petitioner filed a written objection to the R&R requesting the

19   appointment of counsel and additional time to submit a detailed objection.  Doc. 52.

20   The Court granted Petitioner's request for additional time on December 21, 2012

21   (Doc. 53), and granted Petitioner's second request for additional time on January 8,

22   2013 (Doc. 55).  Petitioner filed his second objection to the R&R on February 1, 2013.

23   Doc. 56.  Petitioner has not requested oral argument.  For the reasons that follow, the

24   Court will accept the R&R and deny the petition.

25   **I.     Background.**

26            Petitioner does not object to the R&R's recitation of facts, and therefore the

27   Court will adopt it summarily.  Petitioner was convicted by a jury in Arizona state

28   court of (1) knowing possession of a handgun while being a prohibited possessor, (2)

1   knowing possession of a shotgun while being a prohibited possessor, and (3)
2   possession of a pipe bomb.  Doc. 51 at 2.  After sentencing, Petitioner filed a
3   consolidated appeal arguing that there was insufficient evidence to support his
4   convictions for prohibited possession of a handgun and shotgun (*id.*), and the appellate
5   court reversed Petitioner's convictions and sentences on those counts (*id.* at 3).  The
6   appellate court clarified that its ruling did not affect Petitioner's conviction for
7   possession of a pipe bomb.  *Id.*  Petitioner then filed two notices for post-conviction
8   relief, but both proceedings were dismissed after Petitioner failed to file a petition for
9   post-conviction relief.  *Id.*  Petitioner's second amended petition for writ of habeas
10  corpus raises 27 grounds for relief.  Doc. 36.

11      The R&R concludes that the portion of ground 22 that challenges Petitioner's
12  prohibited possession of a handgun and shotgun convictions is moot because those
13  convictions were reversed by the Arizona Court of Appeals on direct review.  Doc. 51
14  at 5, 14.  As to the remaining grounds, the R&R concludes that the claims are
15  procedurally barred and that Petitioner has failed to establish a basis to overcome the
16  procedural bar.  Doc. 51 at 1, 14.

17  **II.   Discussion.**

18      The Court may accept, reject, or modify, in whole or in part, the findings or
19  recommendations made by a magistrate judge in a habeas case.  *See* 28 U.S.C.
20  § 636(b)(1).  The Court must undertake a de novo review of those portions of the
21  R&R to which specific objections are made.  *See id.*; Fed. R. Civ. P. 72(b)(3);  *United*
22  *States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

23      Petitioner makes the following specific objections:  (1)   the claims are not
24  procedurally barred because Petitioner presented the claims in four special actions to
25  the Arizona Court of Appeals (Doc. 56 at ¶¶ 1, 3); (2) the Maricopa County Superior
26  Court refused to rule on Petitioner's motions for transcripts, and this resulted in a
27  fundamental miscarriage of justice because Petitioner was prevented from raising
28  certain issues in his petition for post-conviction relief (*id.* at ¶ 2);  (3) Petitioner would

succeed in overturning his conviction and is more likely to succeed than any other habeas petitioner (*id.* at ¶ 4); (4) ineffective assistance of counsel prevented Petitioner from asserting his claims on appeal in the Arizona state courts (*id.* at ¶¶ 6, 8, 9, 12); (5) Judge Bade  erred in relying on *Kajander v. Shroeder*, No. CV-08-1172-PHX-GMS (GEE), 2009 WL 775395 (D. Ariz. Mar. 20, 2009) because it "is not controlling nor is it in the proper jurisdiction" (*id.* at ¶ 10); and (6) Judge Bade erred in finding that Petitioner filed only 2 special actions (*id.* at ¶ 11).  The Court has not considered Petitioner's general objections concerning claims like "Judge Bade did not even read petition" (*Id.* at 5), or that the state court's "no-ruling" decisions do not support a finding that Petitioner's claims are procedurally barred (*id.* at ¶ 5).  The Court has reviewed Petitioner's specific objections *de novo*.

### A.    Procedurally Barred.

The R&R finds that Petitioner failed to present his claims to the Arizona Court of Appeals on direct or collateral review and, because Petitioner cannot return to state court to present those claims, they are now procedurally defaulted and technically exhausted.  Doc. 51 at 9.  The R&R concludes that Petitioner's special action petitions do not satisfy the exhaustion requirement because review of those actions is discretionary.  *Id.* (citing *Kajander*, 2009 WL 775395 at *3; *Baldwin v. Reese*, 541 U.S. 27, 29 (2004)).  Petitioner argues that he preserved issues by presenting claims in special actions to the Arizona Court of Appeals.   Doc. 56 at ¶ 1.

Petitioner objects to the R&R's finding that he submitted only two special action petitions, and appears to argue that he satisfied the exhaustion requirement by submitting four special action petitions to the Arizona Court of Appeals.  Doc. 56 at ¶ 11.  Petitioner does in fact appear to have presented four special action petitions.  *See* Doc. 52-1 at 9; Doc. 36 at 4-5.  The Court agrees with the R&R, however, that special action petitions are not a proper vehicle to present claims to the Arizona Court of Appeals for federal habeas exhaustion purposes – and this conclusion is not affected by how many special petition actions Petitioner filed.  *See Kajander*, 2009 WL 775395

at *2-3.  Petitioner objects to the R&R's reliance on *Kajander* and submits that it "is not controlling nor is it in the proper jurisdiction."  Doc. 56 at ¶ 10.  *Kajander* was a decision of this Court finding that a special action in Arizona state courts is not a mechanism to fairly present claims for exhaustion purposes.  2009 WL 775395 at *3. This Court has repeatedly adopted this position.  *See Little v. Schriro*, No. CV-06-2591-PHX-FJM, 2008 WL 2115230, at *12 (D.Ariz. May 19, 2008); *Craig v. Schriro*, CV-06-0626-PHX-PGR, 2006 WL 2872219, at *10 (D.Ariz. Oct.5, 2006); *Rodriquez v. Klein*, No. CV-05-3852-PHX-NVW, 2006 WL 1806020, at *4 (D.Ariz. June 28, 2006)*.*  The Court denies Petitioner's objection to the R&R's reliance on *Kajander*. The Court will adopt the R&R with respect to its finding that Petitioner's claims are procedurally barred.

**B.    Cause and Prejudice.**

A procedurally defaulted claim will not be barred from federal review if the petitioner can demonstrate cause and prejudice.  *Dretke v. Haley*, 541 U.S. 386, 393-94 (2004); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).  "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule."  *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *see also Moorman v. Schriro*, 426 F.3d 1301, 1305 (9th Cir. 1996).  The Supreme Court has identified three instances where a petitioner might demonstrate cause for failure to comply with a state procedural rule:  (1) the factual or legal basis for a claim was not reasonably available to petitioner; (2) some interference by officials made compliance impracticable; or (3) the default was the result of ineffective assistance of counsel. *Carrier*, 477 U.S. at 488.  Although both cause and prejudice must be shown to excuse a procedural default, the Court need not examine the existence of prejudice if the petitioner fails to establish cause.  *See Smith v. Murray*, 477 U.S. 527, 533 (1986). The R&R finds that Petitioner failed to show cause.  Doc. 51 at 10-13.  Petitioner objects and argues that he established cause because he was denied transcripts and

1    evidence necessary to identify his appealable claims, and because of ineffective
2    assistance of counsel.  Doc. 56 at ¶¶ 2, 6, 8, 9, 12.

3         Petitioner argues that his motions requesting transcripts and evidence were
4    rejected and unanswered by the Maricopa County Superior Court.  Doc. 56 at ¶ 2.  The
5    R&R correctly finds, however, that the failure to provide Petitioner with transcripts
6    does not establish cause because he does not explain how the absence of transcripts
7    prevented him from presenting his claims to the state courts.

8         While ineffective counsel may establish cause, attorney ignorance, inadvertence
9    or error short of that which is constitutionally ineffective under the Sixth Amendment
10   is not generally cause for a procedural default.  *See Carrier*, 477 U.S. at 484.  If
11   counsel makes a tactical decision to forego a claim, counsel's error cannot constitute
12   cause for a procedural default.  *See Amadeo v. Zant*, 486 U.S. 214, 221-22 (1988); *see*
13   *also Coleman*, 501 U.S. at 753 ("Attorney ignorance or inadvertence is not cause
14   because the attorney is the petitioner's agent when acting, or failing to act, in
15   furtherance of the litigation, and the petitioner must bear the risk of attorney error."
16   (internal quotation marks and citations omitted)).  Additionally, the petitioner must
17   first exhaust state remedies on the independent claim of ineffective assistance of
18   counsel for that claim to constitute cause.  *See Carrier*, 477 U.S. at 488-89; *see also*
19   *Edwards v. Carpenter*, 529 U.S. 446, 453-54 (2000).  Petitioner argues that he
20   exhausted his claim of ineffective assistance of counsel because he raised the claim on
21   a motion for new counsel and a motion to reconsider before the Arizona Court of
22   Appeals.  Doc. 56 at ¶ 9.  These types of motions do not satisfy the exhaustion
23   requirement because they do not "fairly present" the claim to the Arizona Court of
24   Appeals in a procedurally correct manner – either on direct appeal or in a petition for
25   post-conviction relief.  *See, e.g., Kajander*, 2009 WL 775395 at *3 (citations omitted)
26   ("[C]laims are not fairly presented if they are raised in a procedural context in which
27   the merits will not be considered absent special circumstances.").  Accordingly, the
28   Court agrees with the R&R that Petitioner failed to exhaust his ineffective assistance

of counsel claim.  Moreover, Petitioner's objection fails to demonstrate how his claim of ineffective assistance of appellate counsel is sufficient to establish constitutional ineffectiveness under the Sixth Amendment.  The Court therefore adopts the R&R's finding of no cause.

### C.   Fundamental Miscarriage of Justice.

A "fundamental miscarriage of justice" occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327 (1995) (internal quotation marks and citations omitted).  The exception applies only where a petitioner makes the extraordinary showing that an innocent person was probably convicted due to a constitutional violation.  *Id.*  "To establish the requisite probability," the petitioner must prove with new reliable evidence that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt."  *Id.*  Petitioner raises 27 grounds for relief (Doc. 36), none of which presents newly established evidence of his actual innocence.  The Court agrees with the R&R that Petitioner has failed to establish that a fundamental miscarriage of justice would result if the Court denies his claims.  Doc. 51 at 13.

**IT IS ORDERED:**

1.  Magistrate Judge Bridget S. Bade's R&R (Doc. 51) is **accepted**.

2.  Petitioner Frederick W. Covell's second amended petition for writ of habeas corpus (Doc. 36) is **denied**.

3.  A certificate of appealability is **denied** because Petitioner has not made a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2).

4.  The Clerk of Court shall terminate this action.

Dated this 15th day of February, 2013.

David G. Campbell
United States District Judge